IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**JOHNNIE BENNETT, #87694**                                                                **PLAINTIFF**

**VERSUS**                                                    **CIVIL ACTION NO.: 4:11-cv-1-DPJ-FKB**

**WAYNE COUNTY, MISSISSIPPI, et al.**                                              **DEFENDANTS**

ORDER

This matter is before the Court on Plaintiff's Motion entitled "Motion for Summary Judgment" [6] pursuant to Rule 56 of the Federal Rules of Civil Procedure. Having reviewed the record and applicable law, this Court finds, as discussed below, that said Motion [6] is not well taken and is denied.

I. BACKGROUND

Plaintiff, a *pro se* prisoner, filed the instant civil action pursuant to 42 U.S.C. § 1983. This Court is required to "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Moreover, "the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint---(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b). The docket entries reveal that the instant civil action is being screened as provided in 28 U.S.C. § 1915A.[1]

In the instant Motion [6], Plaintiff contends that Defendants have violated his constitutional rights. He argues that he is entitled to summary judgment relief against Defendants based on a myriad of conclusory allegations including, but not limited to, the

---

[1]On July 29, 2011, an Order [13] was entered directing Plaintiff to provide additional information concerning the claims of the instant civil action. *See Taylor v. Gibson*, 529 F.2d 709, 713 (5th Cir. 1976) (holding that a "opportunity should be provided the prisoner to develop his case at least to the point where any merit it contains is brought to light").

following:  "This Court should rule that no trial is necessary because in applying the law to important undisputed facts, one party (the Plaintiff) is clearly the winner."  *Id*. at 1.

II.  ANALYSIS

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law" as set forth in Rule 56(a) of the Federal Rules of Civil Procedure.  Plaintiff has not made this showing.  And, as mentioned above, this civil action is being screened to determine if Plaintiff has even stated an arguable claim.  *See* 28 U.S.C. § 1915A.  Furthermore, because the screening process is not complete, Defendants have not been served with summons.  Therefore, the instant Motion [6] does not meet the standards for granting summary judgment as provided by Rule 56 of the Federal Rules of Civil Procedure.  Plaintiff's Motion [6] is denied without prejudice.

**SO ORDERED AND ADJUDGED** this the 4th day of August, 2011.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE