IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JOHNNIE BENNETT                                                                                          PLAINTIFF

VS.                                                                              CIVIL ACTION NO.  4:11cv1-FKB

WAYNE COUNTY, MISSISSIPPI, ET AL.                                                        DEFENDANTS

MEMORANDUM OPINION AND ORDER

The Court held an omnibus hearing[1] in this matter, at which time it conferred with Plaintiff and counsel for Defendants in this suit founded upon 42 U.S.C. § 1983.  At that hearing, the parties consented to have a United States Magistrate Judge conduct any and all further proceedings in the case and order the entry of final judgment, and the District Judge subsequently entered an order of reference.  28 U.S.C. § 636(c); Fed. R. Civ. P. 73.   Bennett is proceeding in this matter *in forma pauperis* and *pro se*.

Pending before the Court is Defendants' Motion for Summary Judgment (Docket No. 34), a memorandum in support thereof, and related exhibits.  Although the Court granted Plaintiff an extension of time to respond to the Motion for Summary Judgment, see Text Only Order entered October 16, 2012,  he failed to file a response to the Motion.  For the reasons explained in this Memorandum Opinion and Order, the Court grants summary judgment in favor of Defendants. Accordingly, this matter is dismissed, and a separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

I.  Plaintiff's Claims

Plaintiff's claims arise from his time as a pre-trial detainee at the Wayne County Jail,

---

[1] See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

from November 30, 2006, to February 1, 2008. The Court issued process as to Defendants Wayne County, Mississippi; John Farrior, Sheriff; and Mike Mozingo, an officer at the jail.

At the omnibus hearing, Plaintiff was given an opportunity to elaborate upon his complaint. Based upon the filings and his testimony at the omnibus hearing, Plaintiff alleges the following claims:

1. Denial of access to a law library to form a "viable legal defense in his criminal proceedings." Complaint at 7.

2. Conditions of confinement claims alleging that Mozingo and Farrior forced him to sleep on a cell floor in boxers, put him in segregation for days without an RVR, and subjected him to racially-motivated verbal abuse. Docket No. 12 at 7.

3. Excessive force claims against Mozingo and Farrier alleging that they sprayed him with a water hose and subjected him to random beatings. Docket No. 12 at 7.

## II. Relevant Standards

Rule 56 of the Federal Rules of Civil Procedure states, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue of fact is genuine if the "'evidence is sufficient to permit a reasonable factfinder to return a verdict for the nonmoving party.'" Lemoine v. New Horizons Ranch and Center, 174 F.3d 269, 633 (5th Cir. 1999)(quoting Colston v. Barnhart, 146 F.3d 282, 284 (5th Cir.), cert. denied, 119 S.Ct. 618 (1998)). Issues of fact are material if "resolution of the issues might affect the outcome of the suit under governing law." Lemoine, 174 F.3d at 633. "Federal

summary judgment procedure requires the court to 'pierce through the pleadings and their adroit craftsmanship to reach the substance of the claim.'" Hicks v. Brysch, 989 F.Supp. 797, 806 (W.D. Tex. 1997)(citing Tacon Mech. Contractors v. Aetna Cas. and Sur. Co., 65 F.3d 486, 488 (5th Cir. 1995)). The Court does not, "however, in the absence of any proof, assume the nonmoving [or opposing] party could or would prove the necessary facts." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(emphasis omitted). Moreover, the non-moving party's burden to come forward with "specific facts showing that there is a genuine issue for trial," Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), is not satisfied by "conclusory allegations" or by "unsubstantiated assertions," or by only a "scintilla" of evidence. Little, 37 F.3d at 1075.

## A.  Exhaustion

Defendants have moved for summary judgment on multiple bases.  The Court first addresses Defendants' argument that Plaintiff failed to exhaust his administrative remedies with regard to all of his claims before he filed this action. Indeed, according to the records submitted by Defendants, as well as Plaintiff's Complaint and omnibus hearing testimony, it appears that Plaintiff failed to exhaust his administrative remedies before filing this action.  In his complaint, he failed to address the question whether he had exhausted and, instead, stated that the MDOC Administrative Remedy Process did not apply to him because these events occurred while he was a pre-trial detainee.  Docket No. 1 at 5.  At the omnibus hearing, Plaintiff gave conflicting testimony in response to a direct question from the Court asking whether he had exhausted, stating, "I think I did. I'm not sure. . . . I think I did. I'm not really sure. . . ."  Docket No. 34-2 at 5.  Defendant has presented an affidavit from the Jail Administrator stating that the Wayne

County Jail has no record of any written grievances by Plaintiff between 2006 and 2010.  Docket No. 34-4.  Plaintiff has failed to respond to the Motion for Summary Judgment or come forward with any evidence in response to this affirmative defense and the evidence presented by Defendants.  At this juncture, the Court does not, "in the absence of any proof, assume the nonmoving [or opposing] party could or would prove the necessary facts." Little, 37 F.3d at 1075.

Plaintiff ignores statutory and case law which requires a prisoner to exhaust administrative remedies, regardless of the relief sought.   The relevant portion of 42 U.S.C.§ 1997e, as amended by the Prison Litigation Reform Act of 1995 (PLRA) states, as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a)(Supp. 2000).

In Booth v. Churner, 532 U.S. 731 (2001), the Supreme Court held that 42 U.S.C. § 1997e, revised as a part of the PLRA, requires an inmate to exhaust administrative remedies before bringing an action with respect to prison conditions, regardless of the relief offered through administrative procedures.  Booth, 532 U.S. at 741.  More recently, the United States Supreme Court held that the PLRA's exhaustion requirement is mandatory and applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. See Porter v. Nussle, 534 U.S. 516 (2002); see  also Jones v. Bock, 549 U.S. 199 (2007)(reaffirming that exhaustion is mandatory; stating that it is an affirmative defense).

Plaintiff gives conflicting testimony regarding whether he exhausted his administrative

remedies prior to bringing this suit, and he has failed to come forward with any evidence to rebut the evidence presented by Defendants on this issue. Furthermore, he does not allege that he suffered from any ailment which prohibited him from pursuing administrative remedies. See Ferrington v. Louisiana Department of Corrections, 315 F.3d 529 (5th Cir. 2002)(Plaintiff-inmate's blindness did not excuse him from exhausting administrative remedies.); see also Days v. Johnson, 322 F.3d 863 (5th Cir. 2003)(excusing non-exhaustion of administrative remedies because of physical injury and subsequent rejection of grievance due to untimeliness). Exhaustion is now mandatory, "irrespective of the forms of relief sought and offered through administrative avenues." Booth, 532 U.S. at 739.

Accordingly, because it appears Plaintiff failed to exhaust administrative remedies on any of his claims before filing this action, summary judgment should be granted in favor of Defendants, and this entire action should be dismissed without prejudice.

### B.  Statute of Limitations

Defendants have also moved for summary judgment based upon the statute of limitations. Defendants argue that because the events about which Plaintiff complains occurred between June and October 2007, Plaintiff failed to file his complaint before the applicable statute of limitations expired. Plaintiff signed his complaint on December 27, 2010, and his complaint was filed in this Court on January 3, 2011.

"The statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state." Piotrowski v. City of Houston, 237 F.3d 567, 576 (5th Cir. 2001). The state's personal injury statute of limitations should be applied to all section 1983 claims. Hubbard v. Mississippi Conf. of United Methodist

Church, 138 F. Supp. 2d 780, 781 (S.D. Miss. 2001)(Barbour, J.); see also Bankston v. Pass Rd. Tire Ctr., Inc., 611 So. 2d 998, 1003–04 (Miss. 1992). Therefore, Mississippi's general three-year statute of limitations, Miss. Code Ann. § 15–1–49 (Rev. 2003), is applicable to Bennett's § 1983 claims.

According to Bennett's complaint and omnibus hearing testimony, all of the events about which he complains occurred prior to December 27, 2007, which is three years prior to the date he signed his complaint, December 27, 2010.   Under the prison mailbox rule, pro se prisoner filings are deemed filed as soon as they are deposited into the prison mail system. See Medley v. Thaler, 660 F.3d 833, 835 (5th Cir. 2011) (citing Houston v. Lack, 487 U.S. 266 (1988)). Accordingly, Defendants are entitled to summary judgment on the basis that Plaintiff failed to file this action before the expiration of the applicable statute of limitations.

### C.  Denial of Access to Law Library Claim

In an abundance of caution, the Court addresses Plaintiff's denial of access to a law library claim.  Plaintiff alleges that Defendants denied him access to a law library so that he might form a "viable legal defense in his criminal proceedings."  Complaint, Docket No. 1 at 7. In a subsequent filing, Plaintiff also appears to allege that Defendants interfered with his attempt to "write" and "develop" a habeas corpus petition to file in federal court.  Docket No. 12 at 2. Plaintiff's criminal trial on the charge of first degree arson occurred December 17 and 18, 2007. Docket No. 34-3.  Plaintiff was represented by counsel during his criminal trial. Docket No. 34-3.  Plaintiff was transferred from the custody of the Wayne County Jail on February 1, 2008. Docket No. 34-1.   Having considered Plaintiff's allegations, the Court finds that this claim fails to rise to the level of a constitutional violation.

A prisoner's constitutional right of access to the court encompasses only a reasonably adequate opportunity to file nonfrivolous legal claims challenging convictions or conditions of confinement. Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir.1997)(citing Lewis v. Casey, 518 U.S. 343, 351, 116 S.Ct. 2174, 2182, 135 L.Ed.2d 606 (1996)). In other words, the right consists of *meaningful access to the courts* and *not a free-standing right to a law library or legal assistance*. Lewis, 116 S.Ct. at 2179-80 (1996). Hence, to establish a violation of Bounds v. Smith, 430 U.S. 817 (1977), the plaintiff must prove an "actual injury" resulting from the officials' actions. Lewis, 116 S.Ct. at 2180-2181. This actual injury requirement is not satisfied by just any type of frustrated legal claim; a prisoner's constitutional rights are violated only when prison officials interfere with his *access to the courts* and he is prejudiced by the interference.

Plaintiff has failed to allege how he suffered an actual "injury" and any prejudice as a result of Defendants' alleged failure to allow him access to the local law library to prepare his legal defense. Although he was convicted of first degree arson, he was represented by counsel during his criminal trial on December 17 and 18, 2007, and, thus, he was not solely dependent upon the law library to prepare his defense. Docket No. 34-3. Furthermore, Plaintiff fails to allege any injury or prejudice related to the pursuit in this or any other court of any challenges to his conviction or to his conditions of confinement at the Wayne County Jail.[2] In other words, Bennett has utterly failed to allege how these Defendants, between the dates of December 27, 2007 (three years before the date on which he signed the complaint in this action), and February

---

[2]The Mississippi Court of Appeals upheld Bennett's conviction on appeal. Bennett v. State, 18 So. 3d 272 (Miss. Ct. App. 2009), reh'g denied, July 21, 2009, cert. denied, Oct. 1, 2009. Bennett never sought post-conviction relief in state court, but instead filed a petition for habeas corpus relief, which was denied by this Court. Bennett v. Banks, Civil Action No. 4:10cv15-DPJ-FKB.

1, 2008 (the date on which he was transferred out of Wayne County custody), interfered with his access to the courts. Furthermore, he has failed to allege any resulting prejudice for the same time period. Therefore, Plaintiff has failed to allege an injury of constitutional proportions, and this claim is hereby dismissed.

### III.  Conclusion

Thus, for the reasons stated above, the Court finds that Defendants are entitled to summary judgment on the basis that Plaintiff failed to exhaust administrative remedies.  In addition, the Court concludes that Defendants are entitled to summary judgment based on Plaintiff's failure to file this action before the expiration of the applicable statute of limitations. Finally, the Court finds that Plaintiff's access to the courts claim fails to rise to the level of a constitutional violation and is hereby dismissed.  Because the Court finds that dismissal is appropriate on these bases, it declines to address the other bases for summary judgment urged by Defendants or the merits of the claims. Accordingly, as set forth in this opinion, Plaintiff's claims against Defendants are dismissed with prejudice.  Pursuant to Rule 58 of the Federal Rules of Civil Procedure, a separate judgment will be entered.

SO ORDERED, this the 8th day of April, 2013.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE